**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000294
28-OCT-2016
09:06 AM**

NO. CAAP-15-0000294

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ANTHONY REZENTES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. IDTC-14-055712)

SUMMARY DISPOSITION ORDER
(By: Leonard and Ginoza, JJ., with
Nakamura, Chief Judge concurring separately)

Defendant-Appellant Anthony Rezentes (**Rezentes**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment), filed on March 4, 2015, in the District Court of the First Circuit, 'Ewa Division (**district court**).[1] The district court convicted Rezentes of excessive speeding, in violation of Hawaii Revised Statutes (**HRS**) § 291C-105(a)(1) and (2) (2007).[2]

On appeal, Rezentes argues that the district court wrongfully convicted him because the charge was fatally insufficient due to its failure to allege that the offense took

---

[1] The Honorable Paul B.K. Wong issued the Judgment.

[2] HRS § 291C-105(a)(1) and (2) provide: "No person shall drive a motor vehicle at a speed exceeding . . . [t]he applicable state or county speed limit by thirty miles per hour or more; or . . . . [e]ighty miles per hour or more irrespective of the applicable state or county speed limit."

place on a highway, an essential element; the court did not properly advise him of his right to testify pursuant to <u>Tachibana v. State</u>, 79 Hawaiʻi 226, 236, 900 P.2d 1293, 1303 (1995); and the court erroneously admitted evidence of the speed reading based on an insufficient foundation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rezentes's points of error as follows, and reverse the Judgment.

**(1) Sufficiency of the charge.** The failure of the charge to allege that the offense occurred on a highway was harmless. <u>See</u> HRS §§ 291C-21, -105(a) (2007); <u>State v. Wheeler</u>, 121 Hawaiʻi 383, 391, 219 P.3d 1170, 1178 (2009) ("It is well settled than an 'accusation must sufficiently allege all of the essential elements of the offense charged[.]'" (citation omitted). <u>Wheeler</u> does not support Rezentes's position because Rezentes did not object to the charge at trial and raises this argument for the first time on appeal. Thus, we analyze the issue according to the "liberal construction standard." <u>State v. Tominiko</u>, 126 Hawaiʻi 68, 76, 266 P.3d 1122, 1130 (2011). Rezentes does not argue that he was prejudiced by the omission of the subject language. Further, the oral charge included the definition of "highway"; and at trial, Honolulu Police Department Officer Vincent J. Tripi (Officer Tripi) testified that he stopped Rezentes on the H-3, which was a public way, road, street, or highway. Thus, prior to challenging the sufficiency of the charge on appeal, the record establishes that Rezentes was informed of the nature of the charge against him.

**(2) Foundation for speed reading.** The State established that Officer Tripi's *training* in the use of the Stalker radar gun met the requirements indicated by the manufacturer. <u>See</u> <u>State v. Gonzalez</u>, 128 Hawaiʻi 314, 325-26, 288 P.3d 788, 799-800 (2012); <u>Cf.</u> <u>State v. Amiral</u>, 132 Hawaiʻi 170, 178-79, 319 P.3d 1178, 1186-87 (2014); <u>State v. Apollonio</u>, 130 Hawaiʻi 353, 361-63, 311 P.3d 676, 684-86 (2013); <u>State v.</u>

Assaye, 121 Hawai'i 204, 213-16, 216 P.3d 1227, 1236-39 (2009) State v. Gardner, No. SCWC-13-0002852, 2016 WL 1065400, at *4 (Haw. Mar. 15, 2016). Officer Tripi testified that he took an eight-hour training course -- including classroom instruction, a practical exercise, and a written test -- administered by an authorized representative of Applied Concepts, the Stalker's manufacturer. Officer Tripi was provided with a Stalker operating manual, published by Applied Concepts. In his training, he learned that prior to each shift, he was to perform a display test, self test, and tuning fork test on the Stalker. He explained how he was taught to conduct the various tests. He passed the written test and received a qualification card.

Rezentes argues that the district court erred in admitting Officer Tripi's testimony that he knew his training instructor was an authorized Applied Concepts representative because the instructor presented a card indicating such, and the officer knew the training manual was by Applied Concepts because "Applied Concepts" was printed on the cover or first page of the manual. Rezentes asserts that this testimony was inadmissible hearsay, in violation of Rules 801 and 802 of the Hawai'i Rules of Evidence (**HRE**); violated the "best evidence rule," under HRE Rule 1002; and was not based on the officer's personal knowledge, in violation of HRE Rule 602. However, the HRE did not apply to the preliminary question of the speed reading evidence's admissibility. See HRE Rule 104(a) ("[p]reliminary questions concerning the . . . admissibility of evidence shall be determined by the court" and "[i]n making its determination the court is not bound by the rules of evidence except those with respect to privileges") and Commentary to Rule 104(a); see also HRE Rule 1101(d) (stating the HRE, other than respect to privileges, does not apply to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under rule 104").

The State, however, did not adduce sufficient evidence to show that the Stalker was *tested* according to the manufacturer's recommended procedures. See Assaye, 121 Hawai'i

3

at 213, 216 P.3d at 1236.  At trial, Officer Tripi was questioned on cross-examination about how he conducted the tuning-fork test:

> [Rezentes's Counsel] Q.  And do you know how long after the self-test concludes you have to perform the tuning fork test?
>
> [Officer Tripi] A.  I don't recall exactly how much time.
>
> Q.  Mm-hm.  And isn't it true the manual says that the that the tuning fork test can only be done during a five-minute interval following the self-test?
>
> A.  Possibly, yes.
>
> Q.  And you testified earlier that the tuning forks you were provided were calibrated to the equivalent of 25.25 miles per hour?
>
> A.  Correct.
>
> Q.  And as well as the equivalent of 40.25 an hour?
>
> A.  Correct.
>
> Q.  And do you know which fork you test first?
>
> A.  The two -- it just depends.  I mean -- I think in the manual, it does specify which one to use first.  However, I usually always use the 40.25 first and then, the second, 25.25.
>
> Q.  You use the 40.25 -
>
> A.  Right.
>
> Q.  -- fork first?
>
> A.  Yes.
>
> Q.  And you kind of mentioned earlier the manual mentions you do the 25 -- the lower --
>
> A.  Right.
>
> Q.  -- tuning fork --
>
> A.  Yes.
>
> Q.  -- first and -- and then followed by the higher --
>
> A.  Right.
>
> Q.  -- speed?  But you -- but you do it opposite?
>
> A.  I think, at times, I've done the 40.25 first, yes.
>   . . . .
>
> Q.  And do you recall how far away from the antenna you hold the tuning forks while doing this test?
>
> A.  Within a reasonable distance that --
>
> Q.  Can you estimate reasonable distance?

A. Five inches.

Q. Five inches? Isn't it true that the manual recommends you holding it within two inches of the antenna?

A. Okay, two inches.

Officer Tripi's testimony on these points casts serious doubt on whether he complied with Applied Concept's recommendations when conducting the tuning-fork test and, by extension, whether the radar gun was accurate when it was used to measure Rezentes's speed. Because the State failed to establish that the radar gun was tested according to the manufacturer's requirements, the district court abused its discretion in admitting the speed reading into evidence. Without the speed reading, there was insufficient evidence to convict Rezentes of excessive speeding. See Assaye, 121 Hawaiʻi at 216, 216 P.3d at 1239 (concluding where State failed to adduce substantial, admissible evidence of the speed at which defendant was traveling, State failed to prove every element of excessive speeding beyond a reasonable doubt and the judgment of conviction was reversed).

Given the above, we need not address Rezentes' point of error based on Tachibana.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on March 4, 2015, in the District Court of the First Circuit, ʻEwa Division is reversed.

DATED: Honolulu, Hawaiʻi, October 28, 2016.

On the briefs:

Craig W. Jerome,
Deputy Public Defender,
Office of the Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge